**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br><br>U.S. DEPARTMENT OF THE TREASURY,<br>1500 Pennsylvania Avenue, NW<br>Washington, DC 20220<br><br>*Defendants.* | ) | Case No. 26-cv-4129 |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the United States Department of Justice (DOJ) and the United States Department of the Treasury (Treasury) under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA and to compel the release of records related to the settlement agreement affording President Trump, his family, and his businesses immunity from tax audits, investigations, and liability, as well as the creation of a fund to provide so-called victims of "lawfare and weaponization" with millions of dollars.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant DOJ is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1).

7. DOJ has possession, custody, and control of records that American Oversight seeks.

8. Defendant Treasury is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1).

9. Treasury has possession, custody, and control of records that American Oversight seeks.

**STATEMENT OF FACTS**

10. On June 12, 2026, American Oversight submitted six FOIA requests to DOJ and Treasury seeking records with the potential to shed light on federal government activity related to the settlement agreement purporting to give President Trump, his family, and his businesses broad immunity from IRS actions and set up a fund to compensate so-called victims of "lawfare and weaponization."

11. On August 3, 2026, American Oversight submitted an additional two FOIA requests to DOJ seeking the records reflecting the basis for the decision to give President Trump, his family, and his business assets immunity from audits and prosecution arising out of their tax histories.

*DOJ Communications*

12. On June 12, 2026, American Oversight submitted a request to DOJ bearing internal American Oversight tracking number DOJ-26-1325 seeking the following records:

> All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) sent by any of the officials listed below, and/or anyone communicating on their behalf, such as an assistant, secretary, or chief of staff, and containing both a key term from Column A and a key term from Column B listed below.
>
> DOJ Officials:
> a. Todd Blanche, Acting Attorney General and Deputy Attorney General
> b. Colin McDonald, Assistant Attorney General
> c. Trent McCotter, Principal Associate Deputy Attorney General

d. Stuart McCommas, Chief of Staff to the Attorney General
e. Anyone serving in the capacity of Chief of Staff to the Attorney General
f. Jordan Fox, Chief of Staff to the Deputy Attorney General
g. Anyone serving in the capacity of Chief of Staff to the Deputy Attorney General
h. Stanley Woodward, Jr., Associate Attorney General

Key Terms:

| Column A: | Column B: |
|---|---|
| i. "Trump v. IRS" | A. "settlement agreement" |
| ii. "Trump v IRS" | B. apolog* |
| iii. 20609 | C. family |
| iv. Littlejohn | D. immun* |
| v. weaponiz* | E. sister |
| vi. lawfare | F. trusts |
| vii. "Russia hoax" | G. "related companies" |
| viii. "Russia-collusion hoax" | |

13. On June 12, 2026, American Oversight submitted a request to DOJ bearing internal American Oversight tracking number DOJ-26-1329 seeking the following records:

> All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) sent by any of the officials listed below, and/or anyone communicating on their behalf, such as an assistant, secretary, or chief of staff, and containing both a key term from Column A and a key term from Column B listed below.

DOJ Officials:
a. Richard Lawson, Deputy Associate Attorney General
b. Abishek Kambli, Deputy Associate Attorney General
c. Brian Lea, Deputy Associate Attorney General
d. Anyone serving in the capacity of Deputy Associate Attorney General
e. Anyone serving in the capacity of Chief of Staff to the Associate Attorney General
f. Anyone serving in the capacity of Senior Advisor to the Associate Attorney General
g. Bonnie Robin-Vergeer, Senior Counsel
h. Anyone serving in the capacity of Senior Counsel in the Office of the Associate Attorney General
i. Alberto Ruisanchez, Senior Counselor
j. Kathleen Wolfe, Senior Counselor
k. George Toscas, Senior Counselor
l. Elizabeth Young, Senior Counselor
m. Benjamin Mehr, Senior Counselor

n. Micah Fielden, Senior Counselor
o. Anyone serving in the capacity of Senior Counselor in the Office of the Associate Attorney General

Key Terms:

| Column A: | Column B: |
|---|---|
| i. "Trump v. IRS" | A. "settlement agreement" |
| ii. "Trump v IRS" | B. apolog* |
| iii. 20609 | C. family |
| iv. Littlejohn | D. immun* |
| v. weaponiz* | E. sister |
| vi. lawfare | F. trusts |
| vii. "Russia hoax" | G. "related companies" |
| viii. "Russia-collusion hoax" | |

14. On June 12, 2026, American Oversight submitted a request to DOJ bearing internal American Oversight tracking number DOJ-26-1348 seeking the following records:

> All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) between (a) any of the officials listed below, and (b) anyone communicating on behalf of the White House, including, but not limited to, anyone communicating by using an email address that contains "who.eop.gov" or "whitehouse.gov," and (c) containing both a key term from Column A and a key term from Column B.

DOJ Officials:
a. Todd Blanche, Acting Attorney General and Deputy Attorney General
b. Colin McDonald, Assistant Attorney General
c. Trent McCotter, Principal Associate Deputy Attorney General
d. Stuart McCommas, Chief of Staff to the Attorney General
e. Anyone serving in the capacity of Chief of Staff to the Attorney General
f. Jordan Fox, Chief of Staff to the Deputy Attorney General
g. Anyone serving in the capacity of Chief of Staff to the Deputy Attorney General
h. Stanley Woodward, Jr., Associate Attorney General

Key Terms:

| Column A: | Column B: |
|---|---|
| i. "Trump v. IRS" | A. "settlement agreement" |
| ii. "Trump v IRS" | B. apolog* |
| iii. 20609 | C. family |
| iv. Littlejohn | D. immun* |
| v. weaponiz* | E. sister |
| vi. lawfare | F. trusts |

| | |
|---|---|
| vii. "Russia hoax" | G. "related companies" |
| viii. "Russia-collusion hoax" | |

15. On June 16, 2026, DOJ acknowledged these three requests, aggregated them under DOJ tracking number FOIA-2026-03605, and purported to claim an extension to respond "beyond the ten additional days provided by the statute."

16. As of the date of this Complaint, American Oversight has received no further communications from DOJ concerning these requests.

*Treasury Communications*

17. On June 12, 2026, American Oversight submitted a request to Treasury bearing internal American Oversight tracking number TREAS-26-1326, seeking the following records:

> All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) sent by any of the officials listed below, and/or anyone communicating on their behalf, such as an assistant, secretary, or chief of staff, and containing both a key term from Column A and a key term from Column B listed below.
>
> Department of the Treasury Officials:
> a. Scott Bessent, Secretary
> b. Francis Brooke, Acting Deputy Secretary
> c. Anyone serving in the capacity of Chief of Staff
> d. Samantha Schwab, Deputy Chief of Staff
> e. Hunter McMaster, Director of Policy Planning
> f. Rachel Miller, Executive Secretary and Acting General Counsel
> g. Brian Morrissey, Former General Counsel
>
> Key Terms:

| Column A: | Column B: |
|---|---|
| ix. "Trump v. IRS" | H. "settlement agreement" |
| x. "Trump v IRS" | I. apolog* |
| xi. 20609 | J. family |
| xii. Littlejohn | K. immun* |
| xiii. weaponiz* | L. sister |
| xiv. lawfare | M. trusts |
| xv. "Russia hoax" | N. "related companies" |
| xvi. "Russia-collusion hoax" | |

18. On June 12, 2026, American Oversight submitted a request to Treasury bearing internal American Oversight tracking number TREAS-26-1330, seeking the following records:

> All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) sent by any of the officials listed below, and/or anyone communicating on their behalf, such as an assistant, secretary, or chief of staff, and containing both a key term from Column A and a key term from Column B listed below.
>
> Department of the Treasury Officials:
>
> a. Anyone serving in the capacity of Chief of Staff to the General Counsel
> b. Christopher Pilkerton, Principal Deputy General Counsel
> c. Anyone serving in the capacity of Principal Deputy General Counsel
> d. Tyler Badgley, Deputy General Counsel
> e. Anyone serving in the capacity of Deputy General Counsel
> f. Michelle Dickerman, Deputy Assistant General Counsel for Oversight and Litigation
> g. Anyone serving in the capacity of Deputy Assistant General Counsel for Oversight and Litigation
> h. Mark Vetter, Deputy Assistant General Counsel (Ethics)
> i. Anyone serving in the capacity of Deputy Assistant General Counsel (Ethics)
> j. Derek Theurer, Assistant Secretary for Legislative Affairs
> k. Anyone serving in the capacity of Senior Counsel
> l. Anyone serving in the capacity of Senior Counselor
>
> Key Terms:

| Column A: | Column B: |
|---|---|
| ix. "Trump v. IRS" | H. "settlement agreement" |
| x. "Trump v IRS" | I. apolog* |
| xi. 20609 | J. family |
| xii. Littlejohn | K. immun* |
| xiii. weaponiz* | L. sister |
| xiv. lawfare | M. trusts |
| xv. "Russia hoax" | N. "related companies" |
| xvi. "Russia-collusion hoax" | |

19. On June 16, 2026, Treasury acknowledged these two requests, aggregated them under Treasury tracking number 2026-FOIA-1258, and claimed a ten-day extension to respond to the requests.

20. As of the date of this Complaint, American Oversight has received no further communications from Treasury concerning these requests.

*Office of Legal Counsel Communications*

21. On June 12, 2026, American Oversight submitted a request to DOJ's Office of Legal Counsel, via email to usdoj-officeoflegalcounsel@usdoj.gov, bearing internal American Oversight tracking number DOJ-OLC-26-1328 seeking the following records:

> All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) sent by any of the officials listed below, and/or anyone communicating on their behalf, such as an assistant, secretary, or chief of staff, and containing both a key term from Column A and a key term from Column B listed below.
>
> DOJ Office of Legal Counsel Officials:
> a. Elliot Gaiser, Assistant Attorney General
> b. Anyone serving in the capacity of Chief of Staff to the Assistant Attorney General
> c. Lanora Pettit, Deputy Assistant Attorney General
> d. Rosemary Hart, Deputy Assistant Attorney General
> e. Michael Proctor, Deputy Assistant Attorney General
> f. Spencer Churchill, Deputy Assistant Attorney General
> g. Anyone serving in the capacity of Deputy Assistant Attorney General
>
> Key Terms:

| Column A: | Column B: |
|---|---|
| xvii. "Trump v. IRS" | O. "settlement agreement" |
| xviii. "Trump v IRS" | P. apolog* |
| xix. 20609 | Q. family |
| xx. Littlejohn | R. immun* |
| xxi. weaponiz* | S. sister |
| xxii. lawfare | T. trusts |
| xxiii. "Russia hoax" | U. "related companies" |
| xxiv. "Russia-collusion hoax" | |

22. As of the date of this Complaint, American Oversight has received no communications from DOJ's Office of Legal Counsel concerning this request.

*Basis for Settlement - DOJ*

23. On August 3, 2026, American Oversight submitted a request to DOJ bearing internal American Oversight tracking number DOJ-26-1573, seeking "All final legal opinions, memoranda, advice, and/or analyses reflecting the legal basis for the decision to grant President Trump, his family and his business assets immunity from audits and/or prosecution arising out of ongoing investigations into their tax histories."

24. DOJ assigned this request tracking number FOIA-2026-04293.

25. On August 4, 2026, DOJ acknowledged the request and purported to claim an extension to respond "beyond the ten additional days provided by the statute."

26. As of the date of this Complaint, American Oversight has received no further communications from DOJ concerning this request.

*Basis for Settlement - OLC*

27. On August 3, 2026, American Oversight submitted a request to DOJ's Office of Legal Counsel, via email to usdoj-officeoflegalcounsel@usdoj.gov, bearing internal American Oversight tracking number DOJ-OLC-26-1576, seeking "All final legal opinions, memoranda, advice, and/or analyses reflecting the legal basis for the decision to grant President Trump, his family and his business assets immunity from audits and/or prosecution arising out of ongoing investigations into their tax histories."

28. On September 1, 2026, DOJ's Office of Legal Counsel acknowledged the request, assigned it tracking number FY26-236, and "tentatively" assigned it to the "simple" processing track.

29. As of the date of this Complaint, American Oversight has received no further communications from DOJ's Office of Legal Counsel concerning this request.

*Basis for Settlement - Treasury*

30. On August 3, 2026, American Oversight submitted a request to Treasury bearing internal American Oversight tracking number TREAS-26-1574, seeking "All final legal opinions, memoranda, advice, and/or analyses reflecting the legal basis for the decision to grant President Trump, his family and his business assets immunity from audits and/or prosecution arising out of ongoing investigations into their tax histories."

31. Treasury assigned this request tracking number 2026-FOIA-01404.

32. On August 12, 2026, Treasury acknowledged the request and informed American Oversight the search for records was underway.

33. As of the date of this Complaint, American Oversight has received no further communications from Treasury concerning this request.

*Exhaustion of Administrative Remedies*

34. As of the date of this Amended Complaint, Defendants have failed to: (a) notify American Oversight of a final determination regarding American Oversight's FOIA requests, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

35. Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**<u>COUNT I</u>**

**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

36. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

37. American Oversight properly requested records within the possession, custody, and control of Defendants.

38. Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

39. Defendants' failure to conduct an adequate search for responsive records violates FOIA and applicable regulations.

40. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

41. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

42. American Oversight properly requested records within the possession, custody, and control of Defendants.

43. Defendants are agencies subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials within no more than thirty (30) working days.

44. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

45. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

46. Defendants' failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

47. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search reasonably calculated to uncover all records responsive to American Oversight's FOIA requests submitted to Defendants on June 12, 2026, and August 3, 2026;

(2) Order Defendants to produce, within twenty days of the Court's order, any and all non-exempt records responsive to American Oversight's FOIA requests and *Vaughn* indexes of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: November 20, 2026

Respectfully submitted,

*<u>/s/ Benjamin A. Sparks</u>*
Benjamin A. Sparks
D.C. Bar No. 90020649
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 873-1741
ben.sparks@americanoversight.org
*Counsel for Plaintiff*